UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ABRAHAM Q. RODRIGUEZ,

               Plaintiff,

   v.

DR. JON M. LUEDERS, DR.
GOLDEN and PROVIDENCE
SACRED HEART MEDICAL
CENTER & CHILDREN'S
HOSPITAL,

               Defendants.

NO:  2:14-CV-0111-TOR

ORDER DISMISSING COMPLAINT
FOR LACK OF JURISDICTION

Plaintiff, a federal prisoner at FCI Terre Haute in Indiana, brings this *pro se* civil action based on diversity of jurisdiction, 28 U.S.C. § 1332.  He submitted his complaint to the United States District Court, Southern District of Indiana, Terre Haut Division and it was transferred to this District by Order filed April 22, 2014 (ECF No. 4).  Currently before the Court is Plaintiff's *in forma pauperis* application (ECF No. 2).

ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION -- 1

Plaintiff seeks $1,000,000.00 against two doctors and a hospital for medical negligence and malpractice.  He claims that, after being diagnosed with phimosis,[1] a portion of his penis was removed during a surgical procedure to which he had explicitly refused his consent.  Plaintiff alleges that these events occurred in December 2011, while he was in the custody of the Bureau of Prisons in Spokane, Washington.

## DIVERSITY JURISDICTION

A plaintiff asserting diversity jurisdiction must affirmatively allege essential elements of diversity jurisdiction. *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 404 n. 4 (9th Cir. 1983).  Mr. Rodriguez's *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam). Although Plaintiff's claim for monetary damages exceeds that required for diversity jurisdiction, 28 U.S.C. § 1332(a), his contention that he is a "citizen" of a different State from the named Defendants is problematic.

---

[1] Phimosis is defined as "Tightness of the foreskin (PREPUCE) which prevents it from being pulled back over the underlying head (glans) of the PENIS." <u>Black's Medical Dictionary</u>, 553 (41st ed. 2006).  Circumcision is a medically appropriate treatment. *Id.*

ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION -- 2

For purposes of diversity jurisdiction, a prisoner's present place of incarceration is irrelevant.  Rather, a prisoner is a citizen of the state in which he lived before incarceration or the place he intends to live after his release. *See e.g. Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002); *Smith v. Cummings*, 445 F.3d 1254 (10th Cir. 2006); and *Hall v. Curran*, 599 F.3d 70 (1st Cir. 2010).  Plaintiff makes no assertion that he intends to make Indiana his home following his release from incarceration in 2015.

Court records show that Mr. Rodriguez was convicted under cause number 2:10-cr-00072-FVS-1 in the Eastern District of Washington.  Because Plaintiff was arrested in the same District where each of the named Defendants is located and where the alleged acts of medical negligence and malpractice occurred, diversity jurisdiction does not exist.  Therefore, **IT IS ORDERED** that this action is **DISMISSED without prejudice** to Plaintiff pursuing his state law claims in the appropriate forum**.**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an

ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION -- 3

appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

2. Plaintiff's *in forma pauperis* application, ECF No. 2, is **DENIED.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** April 25, 2014.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION -- 4